```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                         Case No.: 8:13-cr-602-VMC-AAS

SHON ERIK SCOTT

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Shon Erik Scott's pro se Motion for Compassionate Release (Doc. # 77), filed on August 14, 2024. The United States responded in opposition on September 4, 2024. (Doc. # 79). For the reasons set forth below, the Motion is denied.

I.  **Background**

In December 2013, Scott was charged with possession of a firearm and ammunition, after several previous felony convictions. (Doc. # 18 at 17—18). In November 2014, the Court sentenced Scott to 188 months' imprisonment as an armed career criminal. (Doc. # 49).

In June 2021, Scott filed his first pro se motion for compassionate release. (Doc. # 68). After the United States responded (Doc. # 74), the Court denied the motion on September 13, 2021. (Doc. # 75). The Court found that Scott had not established an extraordinary and compelling reason

1

for release based on the existence of the First Step Act. (Id. at 6). Additionally, given "Scott's extensive criminal history," the Court found that Scott was a danger to the public and the Section 3553(a) factors weighed against release. (Id. at 6-7).

Scott is now thirty-nine years old, and his projected release date is June 2027. See BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on September 18, 2024).

Scott has now filed the instant Motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i) and the recently amended sentencing guidelines. (Doc. # 77). He argues that he is rehabilitated and that his sentence is unusually long because, if he were sentenced today, "he would no longer be declared an Armed Career Offender." (Id. at 6-9). The United States has responded (Doc. # 79), and the Motion is ripe for review.

## II. Discussion

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United

States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Scott relies on his rehabilitation, his unusually long sentence, and the purported change in the law that he contends means he is no longer an armed career criminal. (Doc. # 77 at 6-9). The Court assumes without

3

deciding that Scott has exhausted his administrative remedies, and that Scott has established an extraordinary and compelling reason for release.

Nevertheless, compassionate release will not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

Here, a reduction of Scott's sentence would not protect the public, reflect the seriousness of Scott's crimes, or promote respect for the law. See United States v. Lewis, No. 8:10-cr-438-VMC-AAS, 2024 WL 3742736, at *2 (M.D. Fla. Aug. 9, 2024) (assuming without deciding that defendant had established an extraordinary and compelling reason based on an unusually long sentence caused by Section 924(c) stacking but denying compassionate release because defendant was "a danger to others and [] the Section 3553(a) factors weigh[ed] against early release"). As the Court explained in its order denying Scott's first motion for compassionate release, "given his extensive criminal history, including convictions

4

for felony battery, eluding a police officer, and depriving an officer of means of protection, relief is not warranted." (Doc. # 75 at 7). Despite his assertions of rehabilitation (Doc. # 77 at 7-8), Scott is a danger to the community because of his history of armed drug dealing. Furthermore, the Court agrees with the United States that early release "would undermine the need for deterrence and fail to reflect the seriousness of Scott's crimes." (Doc. # 79 at 20). The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Shon Erik Scott's pro se Motion for Compassionate Release (Doc. # 77) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of September, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE